The next case is number 22-1525, John Doe v. Eugene Volokh. At this time, would Ms. Larson please introduce herself on the record to begin? Good afternoon, Your Honor, and may it please the Court. My name is Ireland Larson, and I will be arguing on behalf of Appellant Eugene Volokh. If I may, Your Honor, I would like to reserve three minutes for rebuttal. Yes, you may. Thank you. Appellee John Doe is seeking compensation from a former employer for alleged violations of due process rights and defamation, such a case that is routinely litigated in the public eye. Mr. Volokh therefore requests that this Court reverse and remand the District Court's denial of his motion to unseal and oppose pseudonymity. First, as a threshold matter, this Court has jurisdiction to hear this appeal pursuant to the collateral order doctrine. Second, in federal court, federal procedural law governs, in which there is a strong presumption against sealing and pseudonymity. And finally, in light of the four paradigms identified by this Court in Doe v. MIT, this case is not the exceptional case powerful enough to overcome the public's First Amendment and common law right of access. Let me ask about the Cohen doctrine. In the case in the court below, the district judge explicitly reserved the right to review the pseudonymity at a later stage. At this stage, it was all pretrial proceedings. So wouldn't that be outside of the ambit of Cohen? Your Honor, it is true that they reserved to review the right to review this, and the language was without prejudice. However, in United States v. Chin, this Court admitted that the language without prejudice was without jurisdictional significance in the case of sealing and pseudonymity, because our right of access is a right of contemporaneous and immediate access, which can only be vindicated immediately, which is why juror names in that case were to be disclosed promptly. Isn't that true almost in almost every collateral situation where the relief may come down the road, someone says, I just want it now, so I'm calling it contemporaneous. I want my money now. It's contemporaneous. Well, Your Honor, it is contemporaneous access, but it's also separate from the merits, which may differentiate from cases where someone just wants it. And how is it separate from the merits? Because as I understand the New Hampshire scheme, to ensure that they have some due process, they intentionally keep the name secret until someone's had a chance to file and litigate a process challenge to it, which is what this Doe has done. Doe has challenged the propriety, the legality of being put on the list. And if Doe loses what is now that split litigation, Doe's name becomes public. So it seems to me the case could resolve in a way where you get what you want. That sounds like entanglement with the merits of the case. Well, Your Honor, present before this Court, of course, is the federal due process claims and for defamation. But even in state court, if you do decide that it is bound up with it, Doe is not seeking a confidentiality injunction, rather seeking to get removed from the list. And as it is true in federal court, federal procedural law applies, not state procedural law. And, Your Honor, as well, Doe decided to bring a federal due process claim and voluntarily dismiss the EES statute claims back to state court while maintaining these claims within federal court. And for those reasons, we argue that Doe should be, as any other employee suing a former employer is required to do, to proceed under their true name in federal court. And going to the merits of this case, this Court does not have to decide whether or not compensation is, in fact, owed to the plaintiff or the appellee in this case in order to decide whether federal procedural law should apply. But isn't the EES list issue quite different from the typical employee suing an employer? You know, for sex discrimination, age discrimination, ADA, this is very different because that list can, obviously we have to go to the merits of the recent Doe v. MIT case. What do you have to say about that? Yes, Your Honor. I would point your attention to Coe v. United States District for the District of Colorado, which is Dr. sued to enjoin a state medical board for revealing and disclosing his name in proceedings. Of course, those confidentiality provisions maintained within the state. However, when brought into the federal court, Rule 10a controlled, and the plaintiff was forced to disclose his name without a pseudonym as any other person would in that situation. And we would argue that being accused of that kind of sexual misconduct, as was present in that case, is even more troublesome than being asked to be removed from a list in which you're suing for due process violations, Your Honor. And if there are no further questions on the collateral order doctrine, I would like to go to the merits of this case. This court has set out in Doe v. MIT four paradigms in which could possibly overcome the strong presumption against sealing and pseudonymity. The first presumption is that there would be undue harm to the plaintiff, unusually severe physical or mental harm. The plaintiff in this case does not permit that there would be any of those harms that are outside of the usual harms to defendants in these cases. As this court states in Doe v. MIT, commonplace lawsuit-induced stress, economic harm, reputational damages are present in a vast array of cases, including this, but that is the nature of adversarial litigation. And when choosing to litigate in federal court over federal claims, that is a trade that plaintiffs and appellees have to make. What about the fourth category? Yes, Your Honor, the fourth category is that it would be bound up with a state proceeding. And as we can see in this case, when Doe v. MIT discussed it being bound up, it was with federal policies such as FERPA or Title IX policies that coincided with federal procedural law. Here we have a state law in which, if allowed to intrude upon already well-established and deeply entrenched federal procedural law, would swallow the rule. We would allow any state legislature to create confidentiality provisions for employees or whether it be, as in the Coe case, for medical board decisions. So is it your position that state law would play no role? It is our position, Your Honor, that state law should be considered in procedural cases and issues such as this one when it coincides with federal policy and federal procedural law. But this state law should not be weighed heavily enough to overcome already deeply entrenched federal procedural rule. So you're basically saying this New Hampshire statutory scheme can't work. It's unlawful. We are saying, Your Honor, that the district court, in weighing the New Hampshire Evidenciary Schedule statute, made an incorrect and abusive discretion in weighing it because this case does not permit the type of dangers and harms which are allowed to overcome the presumption case. Can a state have a law that says, we're going to have a list of bad police officers, but to protect and make sure it's a fair list, we're not going to disclose someone's name as long as they have a court proceeding challenging whether they should be on that list or not fairly? Your Honor, I believe that is permitted in state courts. However, in federal courts, we have the Granny Goose case, which says even when a state court addresses the type of issue, federal procedural law would be the governing. I think your answer is no. A state can't effectively have a statutory scheme like that. I believe that they could, Your Honor, if it remains in state court. They will pay attention to a federal court injunction just as they would to a state court injunction or release of the name. So how could New Hampshire maintain its structure that it has now if we were to rule in your favor? Well, Your Honor, it can maintain its structure in a sense if the plaintiffs were to bring state due process claims to maintain in that arena where they are protected by state law. However, even with Coe or United States v. Chin, we see that when removed to federal law, you are not protected under those state provisions. And that was a choice that the plaintiff in this case made. And going on to the... What if it had been a removed case? Would there be any... Obviously, this is not a removed case, but would there be any difference that still ends up in federal court? If it was not removed, Your Honor? No, if the case had been... This case was an original case in federal court, but what if it was a removed case to federal court? Would your analysis still apply? Yes, Your Honor. Do you mind if I answer your question in the limited time I have? Yes, go ahead. The federal procedural law would still apply, Your Honor, even if the plaintiff did not have a choice, per se, to proceed in federal court. I would point your attention to United States v. Chin once again, in which juror names were disclosed and jurors having no choice but to be compelled to be public in the courtroom that day. We have the law and the presumption of openness, regardless of whether that was an active choice. And in this case, I would say it's even stronger because it was an active choice. Thank you. Thank you, Your Honor. And with that, if there are no further questions, I would like to cede the rest of my time to Professor Eugene Volokh. Thank you, Your Honors. Eugene Volokh, representing myself. I have only a little to add to my co-counsel's responses, but I wanted to speak specifically to several questions that this Court has raised. One question is, how could New Hampshire maintain its structure under our position? And the answer is New Hampshire's structure is in no danger in this kind of situation when somebody simply brings a challenge under the New Hampshire statute. But if they feel their constitutional rights have been violated, the price of seeking vindication of those rights, under your theory, is that they lose the whole issue that concerns them. Your Honor, if somebody wants to bring a Federal challenge with the understanding, and I should note this case was indeed removed from State court, with the understanding that it could be removed to State court, as Federal questions cases can always be removed, generally be removed to Federal court, then one has to expect that the Federal principles, which usually involve litigating in one's own name, endure, whether or not there is also a pending separate State proceeding under the ES statute. Right now, there is a Federal proceeding, which is simply about due process violations, alleged Federal and State due process violations, and alleged defamation. There is also a separate now State EES proceeding. The defendant could have dismissed the Federal claims at the same time that he voluntarily dismissed the EES claim and had the whole thing proceed in State court under State rules. But the State scheme isn't, you know, it's the State scheme that withholds publication of the name. It withholds it based on any challenge to the legality of placing the name on the list, including Federal challenges. Your Honor, the State of New Hampshire can certainly set up, subject to its own constitution and rules and to the First Amendment, can set up its own procedural schemes for proceedings in State courts. But it does that to protect people's constitutional rights to due process under the Federal constitution as well as New Hampshire law. Well, Your Honor. And you're saying they can't do that. Your Honor, I don't think that the Federal constitutional due process rights include a right to have allegations determined anonymously or pseudonymously, routinely, of course, in Federal court. But it includes a right not to have the State do something particularly harmful to you without adequate process. And that's what he's alleging happened here. Yes, Your Honor. As, in fact, people routinely allege that they have been mistreated by the State and they seek to vindicate their due process rights, they come to the Federal courts and they have to litigate it in public. There is no due process right to be no Federal due process right to have these kinds of questions resolved confidentially. The State may choose to have certain proceedings in its own courts resolved confidentially in the sense of pseudonymously. It cannot impose this kind of rule on the Federal courts. And right now, all that is happening in Federal court is a damages lawsuit, not an injunction lawsuit, not a confidentiality claim, a damages lawsuit for alleged misconduct on the part of the State. But it has the result of if he loses the case and his State law case, which have been severed for some reason, I'm not sure if they both arise out of the same transaction, how that happened. But if he loses, his name gets published. Your Honor, that is exactly right, which is true of people who litigate cases in Federal court all the time. But that's not true of most of the cases that you rely on. For example, there are juror cases. Absent an order releasing them, they'll never become public. Your Honor, I'm sorry. May I answer your question? May I just ask, absent the order releasing them, the juror names will not get public? Sure. Yes, Your Honor. That is an excellent example that jurors, in fact, might say, well, we ought to be entitled to confidentiality. We were dragged into court, ordered to become jurors. But, of course, when a case is in Federal court, many parties, and especially the plaintiff, would normally not be entitled to confidentiality. And that is so notwithstanding any parallel State proceedings that the plaintiff engaged in at the same time that the plaintiff was seeking to vindicate Federal law. But the point was the cases aren't on point, because but for the release of the names sought in the litigation, they would never have been released. So it's not entangled up with the merits. Here, even had you never asked for these names, they could become public if he loses the case. Your Honor, they could and would become public, but some unknown time in the future. Your Honor, you asked about the right of contemporaneous access and isn't it implicated in all cases. We don't think so. The right of contemporaneous access is a special feature of the right of open access that is being asserted here. Typical right to get damages or to get some other remedy is not a right of contemporaneous remedy. But the right of public access is a right of contemporaneous access. Thank you. Thank you, Your Honors. Thank you. Thank you. At this time, would Attorney Meyer please introduce himself on the record to begin? Good afternoon, Your Honor. Chris Meyer on behalf of the appellee and Plaintiff Doe, John Doe. May it please the Court. I think it's important to visit with the facts of this case as determined by the trial court. First, my client, Mr. Doe, is a police officer in a police department of three to four people over the course of the facts of this case. He, over his career with the police department, had significant disagreements with management. Over the time, he initially came to me, as the trial court noted in this part of the complaint, because he wasn't given a ballistic vest. This case is because at some point he was accused of making a misrepresentation as to whether he could do a fitness test with another police department. That is the entire reason that he is in this position. The entire reason for his lawsuit is because he wants to keep his identity from being wrongfully associated with the EES. That is the essence of this lawsuit. He originally did bring it in state court, and under the new statute that the New Hampshire legislature passed last year, or two years ago, that went through the public policy of whether to allow pseudonymity during the determination as to whether the officer was appropriately on the EES. That leads us to the two questions present in this appeal. The first being the threshold jurisdictional question as to whether this is an immediately appealable collateral order. This case presents the mirror opposite of MIT, at least procedurally. In the MIT case, the trial court had ruled that the plaintiff could not proceed anonymously. This court reversed and remanded that. Here we have a case where the trial court has allowed the plaintiff to proceed under a pseudonym. Could you speak to the second requirement of the collateral order doctrine? Sure, that would be completely separate. Answer the question of how this issue of pseudonymity relates to the merits of the case. How would you answer that question? As noted on the facts, this is the merits of the case. The entire reason for the plaintiff bringing this case was so that his identity was not made public associated with the EES list. As the trial court did find, being on this list is a significant detriment to continuing his chosen profession. That was the question that the trial court asked. Does he want to continue in this profession? His answer was yes. To step back, one of the issues with the statute is it doesn't provide a predicate act for bringing a claim to challenge an EES listing. You have, in this case, various constitutional claims. He alleges that his constitutional rights under both the federal and state constitutions were violated. That caused him to be placed on the EES. But that's part and parcel with his overall aim, which is to remain anonymous and not be part of the EES. It's inextricably bound up with the state proceedings, both at the level of the police department, at the level of reporting it to the attorney general's office, and then the state court proceedings that remain to determine whether he's appropriately on the EES. I guess I think Mr. Volkow would probably say that the question is can he use a pseudonym now? And then a different question would be under the New Hampshire statute, should his name be released, put on this list and released? Do you see those as the same? I see those as the same based on the language in the MIT case that if, in this circumstance, where his name continues to be anonymous, he's able to proceed under a pseudonym, there's no damage done. If his name was to be released, it undercuts the entire point that he was trying to make on the substance. He loses any ability to win on the substance if his name is released. And therefore, that is why they're related. This is something that cannot be remedied after judgment on the merits on the case below. You can't put that toothpaste back in the tube, to use the analogy. I see your point, but I guess on the other hand, well, if it was decided in terms of the New Hampshire statute, his name should never be on this list, he shouldn't be here at all, he's off the list. Correct. I mean, I'm not sure that that's the same question that we're looking at here in terms of a pseudonym. But it's the same relief that he's seeking, is that he will never be associated with that list, that because they were wrong in putting him on that list in the first instance, that he should not be associated with that list. And when you take away that pseudonymity, that takes away his rights on the merits. As opposed to the reverse, in the Doe case, it wasn't keeping him pseudonymous through, was important enough that they made it a collateral order and took it off. Counsel, let me ask you, the issue here is, as the opposing counsels have mentioned, that you have some federal claims. Why didn't you simply limit your client's claims to like New Hampshire procedure due process, substance of due process, or libel and slanders? Basically, under New Hampshire law, it's basically very similar to federal law, but you still have the constitutional federal claims. And that is an issue, because if it's only the state ones, then maybe it's a substantive issue, and we have to consider that also. But counsel is correct, saying there's federal claims out there. There are, and my client chose to bring constitutional claims because he believes, based upon the facts, that his constitutional rights were violated. It doesn't mean that you ignore that state statute and what the state weighed in terms of what was public policy in bringing such a claim, that during the pendency of the adjudication of whether that was appropriate to put him on the EES, his name should remain anonymous. While that doesn't control what the federal court does, it certainly tells this court what the public policy that the state intended to follow. That's what I'm saying. If the claims are limited solely to state law claims based on New Hampshire law, which, again, substance of due process in New Hampshire law, it's the same as federal, literally. So you have sort of identical things. You just add state and federal. But why not just limit it to state claims, and then, of course, public policy are based on substance versus procedure. It's a substantive public policy issue. It should be honored in federal court. But you, again, include the federal claims as well. Certainly another plaintiff could choose not to bring those claims and forego those rights, but that's what we're trying to avoid is not chilling future plaintiffs from asserting their rights and fully asserting their rights. Also, that was one of the questions that the trial court asked, if that had occurred, would Attorney Volokh still seek to go into state court and seek the same relief and undercut the pseudonymity? And the answer was he didn't know, but he probably would do so. But, again, what we're trying to do is not avoid that chilling effect to plaintiffs, allow them to assert their and have reviewed their constitutional rights. We don't want to have that chilling effect going forward, and that's what the Doe case or the MIT case said to us. If there's no further questions on the threshold jurisdictional question, I'll move to the merits. This court has, in the MIT case, recently given the standard, and that's a totality of the circumstance standard, as is outlined in the brief. We feel that the plaintiff falls squarely within the fourth paradigm, which is that this case is inextricably bound up with the prior proceedings in state court and the prior proceedings at the Attorney General's office. One of the questions to co-counsel was about whether this was state courts. The specific case cited by the Doe court was a state court case dealing with state jurisdictional proceedings. The court in MIT was looking at state court proceedings. This is a state court proceeding. It's a prior proceeding that this case is inextricably bound up with. It should recognize that constitutionality. There's also sprinkles of both the third paradigm and the first paradigm in this case, both that a result where the plaintiff here is made known will have a chilling effect. That is a specific factual finding that the trial court made in determining this matter, and the paradigm one, that there would be fear of harm for this plaintiff going forward if his name was revealed. The entire purpose of this case was so that he could continue as a law enforcement officer here, that if his name was made public, the underlying purpose of the case would be frustrated. Let me ask you in that respect. You mentioned this, or maybe you can pull in counsel. This is a very small police department, correct? Correct. It's like four officers. Isn't this something that probably anybody or a reporter or anybody who wants to figure out who this Doe person is can probably find out just right by asking a few other people? That's probably true. So probably, you know, I would assume everybody in the town of, what's the town? I forget. Lisbon. Lisbon. Probably is aware of who he is. Perhaps, but connecting him to the EES and being on the EES list, that is why the New Hampshire legislature took such specific care in formulating a procedure for being on the EES, challenging your location on the EES, and keeping names confidentiality in place associated with the EES while you're challenging that placement on the EES. Thank you. At this time, Mr. Volokh, please reintroduce yourself on the record. Thank you. Again, Eugene Volokh as appellant. So opposing counsel mentioned that the entire reason for the lawsuit was to keep Doe's identity right. From being wrongfully associated with the EES. As I understand it, that is the entire reason for the EES part of the lawsuit. That is the entire reason for the lawsuit now proceeding in state court. The entire reason for the lawsuit proceeding now in federal court is the counts remaining. Is that true because the New Hampshire statute structure says if you want the name confidential, what you need to do is file a lawsuit challenging the legality of being on the list. This lawsuit that is before us today is a lawsuit challenging the legality of his placement on the list. Your Honor, the lawsuit I think that is before you today is the lawsuit that is seeking damages. Because he was placed unlawfully on the list. It is a trigger to the confidentiality rule. The state lawsuit. This one is. Well, Your Honor, to the extent that it is, it is nonetheless not a lawsuit that is seeking removal from the EES. That's the state lawsuit. There is now a state proceeding going on that is seeking exactly the remedy. Right. Normally things are flipped. The state is going to say we're going to publish something if someone files the federal lawsuit saying I want an injunction that you don't. Instead, the state set this up and says we won't file something if you file a lawsuit saying we have no legal right to do so. He's done that. The two are identically bound up. The only difference is the burden of production has shifted. Your Honor, it seems to me that the two lawsuits are actually very different. The lawsuit in state court is the lawsuit seeking removal from the EES. The lawsuit in federal court is not only not seeking that, it is not seeking, as I understand it, any injunctive relief. Well, let me ask you this. Pretend the state lawsuit didn't exist at all. Could New Hampshire release his name right now? Could it do so under New Hampshire law? Yes. I believe it probably couldn't. Right. So this lawsuit is inextricably tied up with that statutory scheme and with the issue of whether the name will be released or not. Oh, I'm sorry. Your Honor, if this lawsuit were to vanish, the federal lawsuit were to vanish today, then... My question was if there were no state lawsuit. Oh, I'm sorry. Yes, the state lawsuit is definitely all about the EES. No, no. Imagine there's no state lawsuit. Okay. Okay. And the only lawsuit we have is this one that has us gathered here today. Yes. Okay. Could New Hampshire release his name? I believe that it could not do so under state law. Right. And if he loses this lawsuit, can New Hampshire then release its name? I don't believe that it could do so. It would still have to... Why not? Wouldn't it still have to decide? I believe it would still have to decide his state lawsuit as to whether... Remember, we're assuming there's no state lawsuit. Oh, I'm sorry. Yes. If there were no state lawsuit, then it would... I'm sorry. And this lawsuit were dismissed? He loses. If he lost it, then presumably it could indeed release his name. Right. So if this were the only lawsuit, if he wins, the name stays secret. If he loses, the name is public. Hard to say that's not, therefore, the issue of releasing a name not inextricably bound up with the merits of the suit. Well, Your Honor, maybe under that hypothetical, but in the current situation, the state lawsuit is all about the E.S. Well, suppose he loses the state lawsuit, but this suit is still going. Can New Hampshire release his name? If he loses the state lawsuit, then presumably his name would, by definition, be on the E.S. Not under the language of the New Hampshire statute. There's still a challenge to the legality of him being on the list, this suit. Oh, I'm sorry. No, I don't think this suit is a challenge to the legality of him being on the list. I think this suit would just be, at this point, it would just be a damage. So perhaps I was mistaken in my earlier answer. He's not alleging that there's a due process violation to place him on the list? He's not seeking removal from the list. He's just saying that he wants damages. I didn't ask what he's seeking. I said, isn't he alleging that he was unlawfully in violation of federal due process rights placed on the list? Yeah, I think he is saying that his due process rights were violated. So, Your Honor, I'm sorry, I'm way out of time. If I could just close my eyes. I've taken up most of your time, so perhaps even my colleagues have another question. No, but why don't you take a little extra time to make up for what I've taken away from you? Your Honor, I don't view it as taking away from you, but I appreciate the extra time. Let me just close with one other point. One of the arguments that was being made is that Mr. Doe is concerned about the release of his name as being a detriment to his chosen profession. And it is indeed the case that for very many federal litigants, when they go to court and have to have their name be identified, that is potentially quite damaging to their reputation. That is an unfortunate side effect, but a known one of the system of public access, one that is that Doe v. MIT made clear that lawsuits in federal courts frequently invade customary notion of privacy and threaten parties' reputation. Our position is simply that in this respect, the current federal lawsuit, which is for damages for alleged misconduct by his employer, is no different from a typical lawsuit. Thank you, Your Honors. Thank you. That concludes arguments for today. All rise.